IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PHILIP W. McCLURE,                )
                                  )    3: 11-cv-00696-PK
        Petitioner,               )
                                  )
    v.                            )
                                  )    FINDINGS AND RECOMMENDATION
JEFF PREMO, Superintendent,       )
Oregon State Penitentiary,        )
                                  )
        Respondent.               )

   Philip W. McClure
   SID #5072942
   2605 State Street
   Salem, Oregon  97310-0505

        Pro Se Petitioner

   Ellen F. Rosenblum
   Attorney General
   Kristen E. Boyd
   Assistant Attorney General
   Department of Justice
   1162 Court Street NE
   Salem, Oregon 97301

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Philip W. McClure brings this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the Oregon Department of Corrections Offender Information and Sentence Computation Unit's March 2010 revisions to his 1982 sentences. For the reasons set forth below, the Petition for Writ of Habeas Corpus [2] should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On June 15, 1979, McClure was convicted of Rape in the First Degree and sentenced to a 20-year term. Respondent's Exhibit 101. On February 14, 1983, while on parole, McClure was convicted of Rape in the First Degree, Sodomy in the First Degree, Kidnapping in the First Degree and Robbery in the First Degree. The court imposed four consecutive, indeterminate, 20-year sentences with 10-year minimums, all to run consecutively with his 1979 20-year conviction. Id.

On or about June 4, 2010, petitioner filed a Petition for Writ of Habeas Corpus pursuant to ORS 34.360 in Marion County, but the Petition was dismissed without prejudice. McClure v. Premo, Marion County Circuit Court Case No. 10C16531. Respondent's Exhibits 102 & 105. On appeal, the Oregon Court of Appeals granted the State's motion for summary affirmance, and the Oregon Supreme Court denied review. McClure v. Premo, A146077; Respondent's Exhibits 109-115.

2 - FINDINGS AND RECOMMENDATION

On June 9, 2011, McClure filed this action. His grounds for relief are summarized as follows:

1. Ground One: Respondent violated McClure's Due Process rights by unlawfully retracting credits for time served on his 1982 sentences.

    Supporting Facts: As indicated by facesheets issued between 2002 and 2010, time served credits had been applied to McClure's sentences. However, his March 24, 2010 facesheet reveals that credit for time served was taken away without due process or proper explanation.

2. Ground Two: Respondent violated McClure's Due Process rights by unlawfully retracting statutory goodtime credits and extra good time credits on his 1982 sentences.

    Supporting Facts: As indicated by facesheets issued between 2002 and 2010, McClure had been receiving statutory goodtime credits and extra goodtime credits. However, his March 24, 2010 facesheet reveals that these credits were taken away without due process or proper explanation.

3. Ground Three: Respondent was not authorized to add ten years to McClure's 1982 sentences without some explanation regarding such action.

    Supporting Facts: There is no statute or administrative rule authorizing this action. If a sentencing error was made by respondent in 1983, respondent needed to clearly indicate what that error was and notify McClure. Respondent has not taken such action.[1]

---

[1] McClure insists he was never given a proper explanation for the change in his facesheet. However, in reviewing the exhibits, the Court notes that in a letter dated May 12, 2010, the Department of Corrections, in response to McClure's questions regarding changes to his facesheet, advised him as follows:

> The Offender Information and Sentence Computation unit has completed a thorough file review due to a litigation claim. During the review of your file, we discovered that your sentence structure was incorrect.

3 - FINDINGS AND RECOMMENDATION

> 4. Ground Four: McClure was entitled to state habeas corpus relief on Sentences 2 and 3.
>
> Supporting Facts: McClure clearly alleged in his state habeas corpus action that respondent reinstated these sentences *after* they had expired.

Respondent asks the court to deny relief on the Petition because McClure's grounds for relief are procedurally defaulted due to the fact the state court denied relief on the claims based on an independent and adequate state law ground.

## DISCUSSION

### I. State Law Claims (Grounds Three and Four)

Under 28 U.S.C. § 2254(a) federal courts may entertain applications for writs of habeas corpus by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991), the Court specifically held that "federal habeas corpus relief does not lie for errors of state law." (quoting <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990)).

---

> DOC has calculated your sentences in accordance with the judgment and all applicable rules and statutes. DOC calculates inmates sentence lengths in accordance with the judgments and incarcerates inmates serving indeterminate sentences based on the parole release dates established by the BPPPS. Based on the judgments for Lane county cases 786903 and 108209308, your overall sentence structure has been corrected. <u>Case 108209308 is now consecutive to case 786903. Due to the corrected consecutive structure, your time served credits were also adjusted</u>.

Respondent's Exhibit 109, "ER 19" (emphasis added).

4 - FINDINGS AND RECOMMENDATION

Rather, "[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of [federal] constitutional dimension." Wainwright v. Goode, 464 U.S. 78, 83 (1983)(citing Engle v. Issac, 456 U.S. 107 (1982)).

In Ground Three, McClure argues that there is no Oregon statute or administrative rule authorizing respondent to add ten years to his sentences without some explanation. Similarly, in Ground Four, he contends that because his state habeas petition clearly alleged "that two of his sentences had been reinstated after their expiration" state habeas corpus, as set out in ORS 34.310 through 34.730, was the proper remedy. Petition [2] at 7-8. To the extent these grounds fail to allege specific violations of the federal constitution, or any other body of federal law, they are not cognizable in this proceeding.

## II. Procedural Default Based on an Independent and Adequate Procedural Bar

### A. Standards

A federal court will not review a claim for habeas corpus relief if the decision of the state court denying the claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as

5 - FINDINGS AND RECOMMENDATION

a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).

A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision. McKenna v. McDaniel, 65 F.3d 1483, 1488 (9th Cir. 1995). A state court's decision is not "independent" if the application of a state's default rule depends on a consideration of federal law. Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000). Also, if the state court's decision fails "to specify which claims were barred for which reasons," the Ninth Circuit has held that the ambiguity may serve to defeat the independence of the state procedural bar. Valerio v. Crawford, 306 F.3d 742, 775 (9th Cir. 2002); Koerner v. Grigas, 328 F.3d 1039, 1050 (9th Cir. 2003).

A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." Calderon v. U.S. Dist. Court for Eastern Dist. of California, 96 F.3d 1126, 1129 (9th Cir. 1996)(citation and internal quotation omitted). There is a burden shifting test for analyzing adequacy. Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir. 2003). Under Bennett, the State carries the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." Id. at 586. The burden then shifts to petitioner to

6 - FINDINGS AND RECOMMENDATION

place that defense in issue by asserting specific factual allegations that demonstrate the inadequacy of the state procedural rule, including citation to authority demonstrating inconsistent application of the rule. Id. Assuming petitioner satisfies his burden, "the ultimate burden" of proving adequacy of the state procedural bar rests with the State, which must show "that the state procedural rule has been regularly and consistently applied in habeas actions." Id.

B. **Analysis**

Even assuming McClure presented his federal habeas claims to the Oregon courts in a state habeas corpus action, he concedes the courts denied his petition on procedural grounds and did not consider the merits of his claims. Memorandum in Support [29] at 18.

In its motion to deny the state habeas petition, the State contended that under Oregon law, the writ of habeas corpus is available in only two circumstances: (1) "where an inmate challenges the authority for his confinement alleging that his imprisonment is not by virtue of a valid order, judgment or decree [ORS 34.360]"; and (2) where an inmate challenges the conditions of confinement or alleges constitutional deprivations while confined that require immediate judicial scrutiny for which there is no timely practicable remedy [ORS 34. 362]". Respondent's Exhibit 104 at 2 & 4 (citing Penrod/Brown v. Cupp, 283 Or. 21, 28 (1978)). The

7 - FINDINGS AND RECOMMENDATION

State further argued that even under the most favorable reading of McClure's petition, there was no allegation that he should be released before 2034. Consequently, the State contended denial of the petition was warranted because habeas relief does not lie to "address a claim that a **prospective** release date has been extended." Id. at 4 (quoting Pham v. Thompson, 156 Or. App. 440, 444 (1998)(emphasis in original)).

The Marion County Circuit Court, adopting the State's arguments, dismissed McClure's Petition without prejudice on the ground it "fail[ed] to allege facts showing that if relief was granted, he would be entitled to immediate release. Therefore there is no need for immediate judicial scrutiny." Respondent's Exhibit 105.[2] In so doing, the state habeas court clearly relied on a state procedural bar that was independent of any federal question. Namely, it determined that he could not seek state habeas relief to challenge the extension of a prospective release date.

With regard to the adequacy of the state procedural bar invoked here, respondent meets its initial pleading burden under Bennett by asserting that the Marion County Circuit Court's application of Or.Rev.Stat. § 34.360 and § 34.362 and other relevant Oregon law to McClure's state habeas corpus action

---

[2] Presumably, the Oregon courts will permit McClure to raise these claims in a state habeas action in or about 2034.

8 - FINDINGS AND RECOMMENDATION

constitutes an independent and adequate state procedural bar for denying relief.

In response, McClure insists that he had a right to challenge the reinstatement of his two previously expired sentences under the relevant state statutes because "[r]egardless of whether [he] is still serving time for the remaining sentences 4 and 5, he is still under entitlement to discharge his earlier sentences in a lawful manner." Memorandum in Support [29] at 23. He suggests that the Oregon courts misinterpreted the relevant state statutes and law when they determined he had failed to "state ultimate facts sufficient to constitute a claim of habeas corpus relief."

Though McClure disagrees with the Oregon court's interpretation of Oregon law, he fails to cite to authority demonstrating such law has been inconsistently applied, or was not well-established. While he suggests Bedell v. Schiedler supports his position that his circumstances required "immediate judicial scrutiny." 307 Or. 562 (1989), it does not. In Bedell, the Oregon Supreme Court determined that taking the petitioner's allegations that the unconstitutional conditions of her confinement were causing her to unnecessarily suffer clogged sinuses, severe headaches, dry and irritated skin and sore throat as true, she had presented issues of fact requiring immediate judicial scrutiny. In contrast here, taking McClure's allegations as true, a state habeas decision in his favor would not alter the conditions of his confinement until the year 2034. Accordingly, Bedell actually

9 - FINDINGS AND RECOMMENDATION

underscores respondent's contention that the subject state procedural bar is consistently applied and well-established.

Moreover, McClure's reliance on <u>Peyton v. Rowe</u>, 391 U.S. 54, 67 (1968) and <u>Garlotte v. Fordice</u>, 515 U.S. 39, 46-47 is also misplaced. <u>Peyton</u> held that a federal habeas petitioner seeking to raise a claim challenging the validity of a sentence he is scheduled to serve in the future is "in custody" for purposes of 28 U.S.C. § 2241(c). Conversely, <u>Garlotte</u> dealt with the question of whether a federal habeas petitioner serving consecutive sentences was "in custody" for purposes of challenging the validity of an earlier, expired sentence. Critically however, and contrary to McClure's suggestion, nothing in either <u>Peyton</u> or <u>Garlotte</u> relieves a petitioner from his obligation to first exhaust federal claims challenging the validity of these sentences in state court before a federal habeas court will review them or otherwise negates independent and adequate procedural bars. Accordingly, these cases are not helpful to McClure.

This Court reviews the adequacy of the state procedural bar to McClure's claims at the time he failed to satisfy the requirement. McClure has alleged no facts or presented any argument to indicate that the state's refusal to reach the merits of his state habeas action based on its determination that even if it granted him relief he would not be entitled to immediate release, was unclear, inconsistent, or anything other than well-established. Furthermore, McClure has made no showing of cause and prejudice, or

10 - FINDINGS AND RECOMMENDATION

that a fundamental miscarriage of justice will occur if the Court fails to consider his claims. Accordingly, relief on these claims should be denied.

## RECOMMENDATION

Based on the foregoing, the Petition for Writ of Habeas Corpus [2] should be DENIED, and judgment should enter DISMISSING this case with prejudice.

In addition, the district judge should certify that McClure has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). This case is not appropriate for appellate review.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to

11 - FINDINGS AND RECOMMENDATION

*de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 11th day of December, 2012.

/s/ Paul Papak
Paul Papak
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATION